IN THE MATTER OF BETSEY WARREN LEBBOS. June 13, 1990. *Attorney
at Law*, Reciprocal discipline.

On December 13, 1989, on petition of bar counsel, a single justice of
this court entered a judgment suspending the attorney from the practice of
law in the Commonwealth pending final disposition of disbarment proceedings against her in California. The judge entered the order under S.J.C.
Rule 4:01, § 16 (3), 365 Mass. 709 (1974), concerning reciprocal
discipline.

Section 16 provides that, after notice and hearing, and following receipt
of a certified copy of an order suspending a Massachusetts attorney from
practice in another jurisdiction, the judge "may enter such order as the
facts brought to [the judge's] attention may justify and, in any event, may
impose the identical discipline unless . . . (a) the procedure in the other
jurisdiction did not provide reasonable notice or opportunity to be heard;
(b) there was significant infirmity of proof establishing the misconduct; (c)
imposition of the same discipline would result in grave injustice; or (d) the
misconduct established does not justify the same discipline in this Commonwealth." *Id.* See S.J.C. Rule 4:01, § 16 (1), as appearing in 402 Mass.
1302 (1988). An order had been entered in California involuntarily transferring the attorney to "an inactive status" on the basis of a finding that

---

[2]The complaint makes no claim pursuant to G. L. c. 214, § 1B.

her conduct "poses a substantial threat of harm to the public or to [her] clients." The involuntary transfer of the attorney to inactive status is equivalent to what we call a temporary suspension. See *Conway* v. *State Bar of Cal.*, 47 Cal 3d 1107, 1111 (1989) ("involuntary enrollment of an attorney on inactive status . . . operates as a temporary suspension from the practice of law"). The attorney had voluntarily been on inactive status in Massachusetts and sought active status here only after her problems in California arose.

Although the record before us is sparse, we are able to conclude that, according to California practice, a hearing in which the attorney participated was held on charges of disciplinary violations against her. That hearing resulted in a finding of numerous violations of the California State Bar Rules of Professional Conduct, and a recommendation of disbarment. A record of the proceeding and a copy of the decision were filed with the Supreme Court of California. See Cal. Bus. & Prof. Code § 6081 (West 1974). The matter of disbarment is pending on appeal in California. See *id.* at § 6082 (West 1974 & Supp. 1990).

Pending review of the recommendations of disbarment, the California State bar sought the attorney's involuntary inactive enrollment. Although notice of a hearing was sent to the attorney, she did not appear. The hearing panel referee, relying on the findings in the disbarment proceeding, ordered that the attorney involuntarily be placed on inactive status. The attorney then sought relief from that order. The Supreme Court of California denied relief, and the Supreme Court of the United States denied her petition for a writ of certiorari. *Lebbos* v. *State Bar of Cal.*, 110 S. Ct. 335 (1989).

We shall not recite the findings on the various charges of disciplinary misconduct, nor shall we become involved in the attorney's challenges to those findings. The single justice was entitled in his discretion, as we are in our discretion, to conclude that, because the Supreme Court of California rejected the attorney's challenge to her temporary suspension pending a final appellate decision on her disbarment, parallel temporary suspension in Massachusetts is warranted. The attorney's various challenges to the constitutionality of the procedures in California need not be reassessed and decided here. Section 16 permits a final adjudication of misconduct, made in another jurisdiction, to be treated as establishing that misconduct for our purposes. See S.J.C. Rule 4:01, § 16 (5), as appearing in 402 Mass. 1302 (1988). A final adjudication made elsewhere that circumstances warrant a temporary suspension may properly be the basis for a reciprocal order of temporary suspension here, particularly when the Supreme Court of that jurisdiction has upheld that order.

*Judgment affirmed.*

*Betsey Warren Lebbos*, pro se.
*Daniel J. Klubock*, Bar Counsel.