631 So.2d 1098 (1994)
THE FLORIDA BAR, Complainant,
v.
Harry S. EBERHART, Respondent.
No. 79649.
Supreme Court of Florida.
February 17, 1994.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, James N. Watson, Jr. and Alisa M. Smith, Bar Counsel, Tallahassee, for complainant.
Harry S. Eberhart, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Harry S. Eberhart. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made several findings of fact, which are paraphrased below:
 Eberhart was suspended from the practice of law in Connecticut on April 19, 1992, for misrepresenting circumstances surrounding a lien in a real estate transaction.
 On July 26, 1992, Eberhart resigned from the Connecticut Bar without leave to reapply. In so doing, he stopped four separate disciplinary actions that were pending against him in that state.
The referee noted that Eberhart had committed a prior ethical violation in Connecticut *1099 in 1989 for which he was reprimanded. The referee recommended that Eberhart be disbarred with leave to reapply when he is reinstated to practice law in Connecticut, and that he be assessed the costs of this proceeding.
We approve the referee's recommendation. See Florida Bar re Sanders, 580 So.2d 594, 594 (Fla. 1991) ("We should not allow the practice of law in Florida of one disbarred in his home state."). We hereby disbar Harry S. Eberhart from the practice of law in Florida, with the condition that he may apply for readmission when he is reinstated to practice in Connecticut. The disbarment will be effective thirty days from the filing of this opinion so that Eberhart can close out his practice and protect the interests of existing clients. If Eberhart notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. Eberhart shall accept no new business from the date this opinion is filed. Judgement for costs in the amount of $984.34 is entered in favor of The Florida Bar and against Harry S. Eberhart, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.