## In the Matter of Paul Mpande Ngobeni.

Suffolk. November 5, 2008. - February 13, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Attorney at Law,* Disciplinary proceeding, Reciprocal discipline.

In a bar discipline proceeding in which bar counsel sought to impose recipro-
cal discipline on an attorney who had resigned from the practice of law in
Connecticut during the pendency of bar discipline proceedings there, the
attorney failed to demonstrate that his resignation, although voluntary, did
not constitute discipline. [237-238]

This court concluded that S.J.C. Rule 4:01, § 16, as appearing in 425 Mass.
1319 (1997), authorizes reciprocal discipline of a lawyer admitted to
practice in the Commonwealth who resigned from the practice of law in
another jurisdiction during the pendency of bar discipline proceedings
there, even where the resignation is not accompanied by an admission or a
finding of misconduct. [238-241]

An attorney who voluntarily resigned from the practice of law in Connecticut
during the pendency of bar discipline proceedings there, in exchange for
the vacation of an order of disbarment that had previously entered against
him, was not entitled to the opportunity to litigate those Connecticut mis-
conduct charges in the Commonwealth as a condition precedent to the
imposition of reciprocal discipline. [241-244]

Petition for reciprocal discipline filed in the Supreme Judicial
Court for the county of Suffolk on January 20, 2006.

The case was reported by *Greaney*, J.

The case was submitted on briefs.

*Nancy E. Kaufman,* Assistant Bar Counsel.

*Paul Mpande Ngobeni,* pro se.

Botsford, J. In this case, here on a reservation and report by
a single justice, we are asked to decide if S.J.C. Rule 4:01,
§ 16, as appearing in 425 Mass. 1319 (1997), authorizes recip-
rocal discipline of a lawyer admitted to practice in the Com-
monwealth who resigned from the practice of law in another
jurisdiction during the pendency of bar discipline proceedings
there without an admission or a finding of misconduct. The re-
spondent, who is admitted to practice in Massachusetts, was the

subject of disciplinary proceedings in the State of Connecticut
and resigned from the bar of that State, accompanied by a waiver
of a right to reapply for admission at any time in the future. Bar
counsel seeks to have this court impose reciprocal discipline on
the respondent in the Commonwealth pursuant to rule 4:01, § 16.
We conclude that pursuant to this rule, reciprocal discipline may
be imposed on an attorney who has resigned during the pendency
of a disciplinary investigation or proceeding in a foreign jurisdic-
tion even where the resignation is not accompanied by an admis-
sion or finding of misconduct.

1. *Background.* The respondent was admitted to the bar of the
Commonwealth on June 14, 1990. He was admitted to the Con-
necticut bar in 1989. On September 27, 2005, the Connecticut
Office of the Chief Disciplinary Counsel filed an application for
the interim suspension of the respondent, alleging that he "pose[d]
a substantial threat of irreparable harm to his clients or to prospec-
tive clients." On December 19, 2005, after the respondent failed
to appear for a hearing on this application, a judge in the Superior
Court for the Hartford Judicial District in Connecticut ordered
that he be placed on interim suspension.

On January 20, 2006, bar counsel filed a petition in this court
for reciprocal discipline based on the interim suspension order
entered in Connecticut. On March 16, 2006, the single justice
issued an order of immediate temporary suspension, after the
respondent had failed to respond to bar counsel's petition. The
temporary suspension order required the respondent to close all
IOLTA and other fiduciary accounts in Massachusetts and file an
affidavit of compliance with the county court. When the respondent
did not comply with this requirement, bar counsel filed a petition
for contempt on April 26, 2006, which she later withdrew after
the respondent closed the relevant accounts.

In a presentment filed in the Connecticut Superior Court on
September 25, 2006, disciplinary counsel in Connecticut alleged
seventeen counts of misconduct involving sixteen separate clients.
The presentment, as amended, included allegations that the
respondent took fees without providing services, was incompetent,
lacked diligence, failed to communicate with clients, engaged in
misrepresentation and deceit, failed to explain an overdraft in his
clients' funds account, failed to safeguard clients' funds, and

failed to respond to requests for information from the Connecticut bar discipline authorities.

On August 14, 2007, the respondent returned to South Africa, his country of origin. On October 17, 2007, a judge in the Connecticut Superior Court held a hearing on the presentment, which the respondent did not attend, and on that day, the judge entered an order disbarring the respondent for a period of thirteen years. The order conditioned reinstatement on the respondent's presenting a practice plan acceptable to the court, on his not practicing as a solo practitioner, on his maintaining malpractice insurance, and on his paying restitution to clients.

On November 29, 2007, the respondent and Connecticut disciplinary counsel attended a hearing in the Connecticut Superior Court to consider the respondent's resignation from the Connecticut bar. Without abandoning his previously filed jurisdictional challenge to the disbarment proceeding, the respondent acknowledged that the court had jurisdiction to open that proceeding to consider the respondent's submission of his resignation. He further acknowledged that he was freely and voluntarily submitting his resignation, that he understood that he was entitled to be represented by counsel but chose not to be, and that he was giving up his right to reapply for admission to the Connecticut bar at any time in the future.

At the hearing, the respondent stated that he was resigning because he intended never to practice law in the United States again, that he intended to return to South Africa the following day, and that he wished to avoid returning to the United States to pursue "lengthy appeals or prolonged proceedings" related to his disbarment. He also stated that "[his] resignation does not in any way constitute any admission of liability of wrongdoing or misconduct on [his] part" and that he was conceding nothing with respect to his jurisdictional challenges to his disbarment proceedings. The assistant disciplinary counsel made clear that she was not "conceding in any way any of the issues that have been raised by [the respondent] in opposition to the presentment" and was prepared to prosecute the charges of misconduct set forth in the presentment if the respondent did not resign. She further stated:

"[A]s Mr. Ngobeni commented, he talked to [discipli-

> nary counsel] [who] I think informed him that this resigna-
> tion will be reported. There's a national databank. . . .
> And we have made no representations to Mr. Ngobeni
> . . . as to how other jurisdictions may handle this particular
> resignation. We do agree to the opening of the judgment
> for the sole purpose of Mr. Ngobeni submitting his resigna-
> tion and waiver because it does in the end meet the goals
> of attorney discipline inasmuch as Mr. Ngobeni will never
> be allowed to practice in Connecticut again [and] . . . [s]o
> the profession is protected and the public is protected."

The judge then vacated the order of disbarment and accepted the respondent's resignation and waiver of future reinstatement conditional only on the receipt of a report from the Statewide Grievance Committee required under Connecticut Practice Book § 2-52 (2008).

The respondent did not report his disbarment or subsequent resignation to bar counsel in Massachusetts, as required by S.J.C. Rule 4:01, § 16 (6). On November 29, 2007, having been apprised of the disbarment through other sources, bar counsel filed a petition for reciprocal discipline in the county court seeking a reciprocal order of disbarment in Massachusetts pursuant to § 16. On December 19, after learning from a source other than the respondent that he had resigned from the bar in Connecticut, bar counsel filed an amended petition for reciprocal discipline, requesting that the respondent's resignation in Massachusetts pursuant to S.J.C. Rule 4:01, § 15, as appearing in 425 Mass. 1319 (1997), and § 16 (1), be accepted effective June 5, 2006, the date of the respondent's compliance with the order of temporary suspension. A copy of this pleading was sent to the respondent in South Africa. On December 21, 2007, the single justice issued an order of notice requiring the respondent to show cause within thirty days of service why the "imposition of the identical discipline" would not be warranted.

On March 24, 2008, the respondent filed a "verified opposition to the amended petition for reciprocal discipline" and a memorandum of law. Because the respondent resides in South Africa, a telephonic hearing before the single justice on the amended petition for reciprocal discipline was scheduled for April 3, 2008, but attempts to contact the respondent at the telephone number he provided were unsuccessful at that time.

The single justice therefore considered the matter on the briefs of the parties, and reserved and reported the case. The single justice indicated that in his view, under S.J.C. Rule 4:01, § 16 (1), (3), and (5), it appeared that he did not "have authority to disbar the respondent or deem that he has resigned from the bar of the Commonwealth."

2. *Discussion.* a. The respondent argues that his resignation was voluntary and that he was motivated to resign by a desire to avoid the expense and hardships involved in contesting what he deemed to be a fundamentally flawed order of disbarment in Connecticut while living in South Africa, not by a desire to avoid discipline. In these circumstances, he asserts, his resignation should not be seen as a form of "discipline" on which reciprocal discipline may be grounded.

The argument fails. Under Connecticut bar discipline rules, an attorney who resigns while a disciplinary investigation is pending must first obtain the approval of the Connecticut Superior Court to do so, and the resignation is not effective until the Statewide Grievance Committee submits a report on the matter to that court. Connecticut Practice Book, *supra* at § 2-52. When the respondent proffered his resignation in this case, a disciplinary investigation had been pending against him since 2005 and an order of disbarment had already entered. The hearing before the Connecticut Superior Court on November 29, 2007, made clear that the court's order vacating the disbarment order was premised on the court's acceptance of the respondent's resignation accompanied by permanent waiver of the right to reapply for admission. Further, Connecticut disciplinary counsel stated on the record that the resignation would be reported to a national databank of bar discipline matters. Given these circumstances, the respondent's resignation, albeit voluntarily entered, constitutes discipline. See *Matter of Tuttle*, 20 Mass. Att'y Discipline Rep. 521 (2004) (treating resignation of attorney from Connecticut bar pursuant to § 2-52 of Connecticut Practice Book as basis for order of reciprocal discipline under S.J.C. Rule 4:01, § 16 [1], [3]). See also *In re Richardson*, 692 A.2d 427, 430-432 (D.C. 1997), cert. denied, 522 U.S. 1118 (1998) (concluding that under Florida law, attorney's voluntary resignation from practice in Florida while disciplinary proceedings pending constituted dis-

cipline, and could form basis of reciprocal discipline in District of Columbia); *Florida Bar* v. *Eberhart*, 631 So. 2d 1098, 1099 (Fla. 1994) (resignation from Connecticut bar while disciplinary actions pending treated as discipline warranting disbarment in Florida); *Office of Disciplinary Counsel* v. *Acker*, 62 Ohio St. 3d 415, 416 (1992) (resignation of attorney in Maine treated as disciplinary in nature, and basis of indefinite suspension in Ohio). Cf. *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 797 (2008) (Massachusetts dentistry board could consider dentist's agreeing to Rhode Island consent order restricting his practice in Rhode Island, which was reported to disciplinary databanks, as "discipline" warranting reciprocal discipline in Commonwealth).

b. The respondent questions whether S.J.C. Rule 4:01, § 16, by its terms permits the imposition of reciprocal discipline on him, given that his resignation was accompanied by no admission or finding of misconduct.[1] The language of § 16 has some ambiguous aspects. However, the clear import of the section is that reciprocal discipline may be imposed on an attorney admitted to practice in Massachusetts who has resigned in another jurisdiction during the pendency of disciplinary proceedings there even when there was no admission or finding of misconduct in the other jurisdiction.

As originally promulgated, S.J.C. Rule 4:01, § 16, provided for the imposition of reciprocal discipline on a Massachusetts attorney who "has been subjected to discipline in another jurisdiction." S.J.C. Rule 4:01, § 16, 365 Mass. 709 (1974). The rule was revised in 1988 to provide for reciprocal discipline for a Massachusetts attorney who "has been suspended or disbarred from the practice of law in another jurisdiction." S.J.C. Rule 4:01, § 16 (1), as appearing in 402 Mass. 1302 (1988). Effective July 1, 1997, however, the rule was rewritten again. Section 16 currently provides in relevant part:

> "(1) Upon receipt of a certified copy of an order that a lawyer admitted to practice in this Commonwealth has been suspended or disbarred from the practice of law in another jurisdiction . . . *or has resigned during the pendency of a disciplinary investigation or proceeding,*

---

[1]This was the concern raised by the single justice.

this court shall issue a notice directed to the respondent-lawyer containing: (a) a copy of the order from the other jurisdiction; and (b) *an order directing that the respondent-lawyer inform the court within thirty days from service of the notice of any claim that the imposition of the identical or other discipline in this Commonwealth would be unwarranted and the reasons therefor. . . .*

"(3) *Upon the expiration of thirty days from service of the notice under subsection (1) above, the court, after hearing, may enter such order as the facts brought to its attention may justify.* The judgment of suspension or disbarment shall be conclusive evidence of the misconduct unless the bar counsel or the respondent-lawyer establishes, or the court concludes, that the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard or there was significant infirmity of proof establishing the misconduct. *The court may impose the identical discipline unless (a) imposition of the same discipline would result in grave injustice; (b) the misconduct established does not justify the same discipline in this Commonwealth; or (c) the misconduct established is not adequately sanctioned by the same discipline in this Commonwealth.*" (Emphasis added.)

By its plain terms — as § 16 (1) makes clear — § 16 currently authorizes and provides for imposition of reciprocal discipline on account of qualifying resignations as well as suspensions and disbarments. Under the first sentence of § 16 (3), the court is granted broad discretion to impose appropriate reciprocal discipline in all cases covered by § 16 (1) (i.e., suspension, disbarment, and resignation), qualified only by the third sentence, which in substance limits that discretion by conditioning any order of reciprocal discipline on a determination that entering such an order would not result in grave injustice, or set a level of discipline that is substantially different from established standards of discipline in the Commonwealth for the type of misconduct involved. Nothing in § 16 (3) requires an admission or finding of misconduct as a condition of imposing reciprocal discipline in the case of a resignation; the second sentence of § 16 (3), which focuses on the preclusive effect of a judgment of suspension or

disbarment in another jurisdiction, has no bearing on a resigna-
tion, since a resignation does not result in such a judgment.[2]

As the single justice noted, this court has not previously been
asked to decide whether rule 4:01, § 16, permits the imposition
of reciprocal discipline against an attorney who has resigned
from practice in another jurisdiction while disciplinary proceed-
ings were pending against him, but without an admission or
finding of misconduct. However, the District of Columbia Court
of Appeals has considered this exact question under the District
of Columbia's similar bar discipline rule on reciprocal discipline,
and has construed its rule to authorize reciprocal discipline in
these circumstances. See *In re Day*, 717 A.2d 883, 886-887
(D.C. 1998), cert. denied, 527 U.S. 1005 (1999) (imposing re-
ciprocal discipline of disbarment on attorney who voluntarily
resigned from Florida bar permanently, without leave to reap-
ply, while disciplinary proceedings were pending against her,
but without admission or finding of misconduct); *In re Richard-
son*, 692 A.2d at 428, 430-433 (imposing reciprocal discipline
of three-year suspension on attorney after he voluntarily resigned
from Florida bar with leave to reapply in three years; discipli-
nary investigation pending, but no admission or finding of mis-
conduct).[3] Moreover, in a related context of professional dis-
cipline of a dentist, we recently construed the statutory provisions

---

[2]In his reservation and report, the single justice referenced S.J.C. Rule 4:01,
§ 16 (5), as appearing in 425 Mass. 1319 (1997), which provides: "A final
adjudication in another jurisdiction that a lawyer has been guilty of misconduct
*or an admission in connection with a resignation in another jurisdiction may
be treated as establishing the misconduct for purposes of a disciplinary
proceeding in the Commonwealth*" (emphasis supplied). The single justice
interpreted this language as appearing to require an adjudication or admission
of misconduct in the case of a resignation as a condition precedent to impos-
ing reciprocal discipline. We do not so interpret § 16 (5). In our view, § 16 (5),
like the second sentence of § 16 (3), is concerned solely with collateral estop-
pel, or issue preclusion. In substance, § 16 (5) provides that in *any* disciplinary
proceeding against the attorney brought in Massachusetts, whether it is the
proceeding in which reciprocal discipline is sought or a separate disciplinary
proceeding involving other charges of misconduct, the attorney will be bound
by evidence of an adjudication or admission of misconduct in another jurisdic-
tion, to the extent that such evidence may be relevant. Section 16 (5) does not
address or touch on the prerequisites of reciprocal discipline — that is, whether
an admission or finding of misconduct is a condition precedent to the imposi-
tion of reciprocal discipline.

[3]It bears noting that the District of Columbia's own bar discipline rules,

governing the board of registration in dentistry to include the power to impose reciprocal discipline on a dentist who had entered into a voluntary consent order with regulatory authorities in another State but had not admitted to professional misconduct — even though the dentistry board's authorizing statute was silent on the subject of reciprocal discipline. *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 793-798 (2008). In sum, we conclude that an attorney who voluntarily resigns from the bar of another jurisdiction while disciplinary proceedings are pending against him or her is subject to reciprocal discipline in the Commonwealth pursuant to S.J.C. Rule 4:01, § 16, whether or not there has been a finding or admission of misconduct in the other jurisdiction.

c. Finally, the respondent contends that even if S.J.C. Rule 4:01, § 16, authorizes the imposition of reciprocal discipline against some attorneys who have resigned without admitting misconduct in a sister State, the court should not do so against him. The respondent correctly points out that reciprocal discipline in Massachusetts is not automatic. See *Matter of Lebbos*, 423 Mass. 753, 755-756 (1996). Section 16 (3) provides in its final sentence that identical reciprocal discipline will not be imposed if "(a) imposition of the same discipline would result in grave injustice; (b) the misconduct established does not justify the same discipline in this Commonwealth; or (c) the misconduct established is not adequately sanctioned by the same discipline in this Commonwealth." The respondent argues strenuously that in the particular circumstances of his case — where he claims the allegations contained in the presentment against him are fraudulent or otherwise unsupported, and challenges the right of

---

like ours, do not permit an attorney to resign — or in the District's case, consent to disbarment — absent the attorney's submission of an affidavit acknowledging that the attorney is aware of a pending investigation involving allegations of misconduct, and that the allegations are materially true or could be proved as such. Compare Rule XI, § 12, of the Rules Governing the District of Columbia Bar (2008), with S.J.C. Rule 4:01, § 15, as appearing in 425 Mass. 1319 (1997). The District of Columbia's rule on reciprocal attorney discipline, like ours, is silent on the issue whether an acknowledgment or finding of misconduct in the other jurisdiction is a prerequisite to the imposition of reciprocal discipline; indeed (and in contrast to our rule), the District of Columbia reciprocal discipline rule does not mention voluntary resignations at all. Compare Rule XI, § 11, of the Rules Governing the District of Columbia Bar, with S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997).

the disciplinary counsel in Connecticut to proceed against him at all because the presentment was not heard within sixty days of its filing — imposition of reciprocal discipline would be gravely unjust.

We disagree. The respondent voluntarily chose to resign in Connecticut in exchange for the vacation of the order of disbarment that had previously entered against him. If, as he asserts in his brief and earlier memoranda — and as he stated to the Superior Court judge in Connecticut — be believed the grounds asserted for disbarment by disciplinary counsel in Connecticut were false or without factual support, he had a full opportunity to contest those grounds in that State, but declined to do so. He cannot brush aside the consequences of his choice essentially with the contention that attorneys should not be forced to defend against false or frivolous complaints that are being pursued by abusive bar disciplinary authorities, or with the complaint that attorneys who have actually been disbarred or suspended at the conclusion of disciplinary proceedings prosecuted in another jurisdiction have greater rights than he has. When he was before the Connecticut Superior Court at the time he resigned, the assistant disciplinary counsel pointed out that no representations had been made to the respondent about how other jurisdictions outside of Connecticut might treat his resignation in that State. The respondent also made clear that he was aware of his right to counsel, but chose to represent himself, and was voluntarily submitting his resignation.

Because the respondent voluntarily elected to resign in Connecticut without pursuing his right to challenge the validity of the disciplinary charges against him, he is not entitled to an opportunity to litigate those Connecticut misconduct charges in the Commonwealth as a condition precedent to our imposing reciprocal discipline. See *In re Richardson*, 692 A.2d at 434 ("We agree with Bar Counsel . . . that Richardson's loss of an evidentiary hearing in Florida was his own choice; by electing to resign, he waived his right to a hearing where he could have contested the charges. We also agree that, as a consequence of Richardson's Florida waiver, we are entitled to rely — for purposes of final, reciprocal discipline — on the disciplinary result in Florida, properly certified to this court, without affording Richardson the evidentiary hearing on the Florida charges he

elected to for[]go earlier"). See also *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. at 795-796 ("Where, as here, charges of serious professional misconduct have been brought before the licensing board of a foreign jurisdiction, and the professional is afforded the full opportunity to challenge the truth of those allegations but has chosen to waive that opportunity, and to resolve the complaints by agreeing to discipline, we see no need for the Massachusetts board to take on the burden of conducting an out-of-State investigation, and attempting to prove those allegations in order to impose reciprocal discipline").[4]

Important policy reasons support the conclusion that the respondent's voluntary resignation in Connecticut unaccompanied by an admission or finding of misconduct warrants the imposition of reciprocal discipline in Massachusetts without the need to litigate the validity of the Connecticut charges. If an attorney like the respondent may permanently resign in another State in the face of serious allegations of misconduct — here involving multiple clients — but do so without admission of misconduct, and then practice in Massachusetts without restriction unless bar counsel undertakes the burdensome and expensive task of investigating and proving the other State's charges, it would "tend[] to undermine public confidence in the effectiveness of attorney disciplinary procedures and threaten[] harm to the administration of justice and to innocent clients." *Matter of Lebbos*, 423 Mass. at 755. See *Ramirez* v. *Board of Registration in Med.*, 441 Mass. 479, 482-483 (2004), quoting *Marek* v. *Board of Podiatric Med.*, 16 Cal. App. 4th 1089, 1098 (1993) (discussing same policy concerns in relation to physicians who enter voluntary consent agreements without admission to professional

---

[4]In concluding that the respondent is not entitled to challenge and litigate the validity of the Connecticut misconduct charges, we are not deciding that an attorney who has resigned in another jurisdiction while disciplinary charges were pending may *never* challenge the imposition of reciprocal discipline on the ground that such discipline would result in grave injustice. In this case, however, as bar counsel points out, the respondent's allegations of fraud and abuse by disciplinary counsel in Connecticut are unsupported by any affidavit or other information in the record, and his claim that the court in Connecticut lacked jurisdiction because no hearing on the presentment was held within sixty days of its filing appears to be legally incorrect: the sixty-day period is directory rather than mandatory. See *Statewide Grievance Comm.* v. *Rozbicki*, 219 Conn. 473, 480-482 (1991), cert. denied, 502 U.S. 1094 (1992).

misconduct in one jurisdiction and seek to practice in another jurisdiction).

3. *Conclusion.* The case is remanded to the single justice for further proceedings consistent with this opinion.

*So ordered.*