ORDERED that Michael S. Sucoll is hereby suspended from the practice of law in the District of Columbia for a period of five years with reinstatement contingent upon a showing of fitness. *See, In re Detlefsen,* 6 A.3d 1282 (D.C.2010) (the functional equivalent discipline to a resignation from the practice of law made after the opening of a disciplinary action is a five year suspension with fitness, and such resignations constitute discipline for the purposes of reciprocal discipline). *See also, In re Sibley,* 990 A.2d 483 (D.C.2010), and *In re Fuller,* 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).

■

**In re Mary S. MEADE, Respondent.**

**No. 12–BG–1969.**

District of Columbia Court of Appeals.

Filed April 4, 2013.

BEFORE: THOMPSON, Associate Judge, and TERRY and REID, Senior Judges.

### ORDER

PER CURIAM

On consideration of the certified order revoking respondent's license to practice law in the state of Virginia, this court's December 27, 2012, order suspending re-spondent pending further action of the court and directing her to show cause why the reciprocal discipline of disbarment should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response to this court's order to show cause or the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Mary S. Meade is hereby disbarred from the practice of law in the District of Columbia. *See In re Bogollagama,* 979 A.2d 629 (D.C.2009) (the functional equivalent discipline to the revocation of one's license to practice law is disbarment); *see also In re Sibley,* 990 A.2d 483 (D.C.2010), and *In re Fuller,* 930 A.2d 194, 198 (D.C.2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g).