NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11516

IN THE MATTER OF SUZANNE T. DWYER-JONES.


Suffolk.     October 6, 2014. - February 5, 2015.

Present:  Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Attorney at Law, Reciprocal discipline, Suspension, Disability,
     Inactive status.



Information filed in the Supreme Judicial Court for the
county of Suffolk on May 16, 2012.

A petition to transfer to disability inactive status was
heard by Gants, J.


Thomas R. Kiley for the respondent.
John W. Marshall, Assistant Bar Counsel.


SPINA, J.  We consider in this case whether an attorney who

has been suspended from the practice of law in another

jurisdiction based on mental health conditions or substance

abuse is subject to reciprocal transfer to disability inactive

status in Massachusetts without a separate hearing in

Massachusetts to determine her incapacity.  See S.J.C. Rule

4:01, § 13 (1), as amended, 435 Mass. 1302 (2002). We conclude that she is.

1. Background. The respondent, Suzanne T. Dwyer-Jones, has been admitted to practice in both Maine and Massachusetts. On March 25, 2013, a final hearing was held before a single justice of the Maine Supreme Judicial Court on a petition filed by the Maine board of overseers of the bar for suspension of the respondent pursuant to Me. Bar R. 7.3(e)(2)(B). That rule permits the board to file a petition directly with the court where it is alleged that "the continued practice of [an] attorney poses a substantial threat of irreparable harm to the public," id., because the attorney is "incapacitated from continuing practice by reason of mental infirmity or addiction to drugs or intoxicants." Me. Bar R. 7.3(e)(2)(A). After the hearing, at which the respondent was both present and represented by counsel, the Maine single justice found that the respondent "is afflicted with a substantial proclivity for substance abuse and a very serious mental health condition." He stated:

> "[T]he combined effects of these conditions clearly produced a substantial incapacity that adversely impacted [the respondent's] ability to practice law and resulted in a substantial threat of irreparable harm to the public. Indeed, . . . she was essentially unable to manage her own affairs, let alone the complex matters involved in the representation of others. The court finds that the incapacitating symptoms of these conditions remain essentially as florid today as they were during the last two years. Accordingly, the court hereby orders that [the

respondent] be suspended from the practice of law in the State of Maine."

Considering that the "issues of the duration and conditions of the suspension are conjoined with [the respondent's] insight into her medical conditions and the progress she has made to manage them," the Maine single justice imposed a one-year suspension with conditions, and ordered that:

"[a]ny petition for [reinstatement] must show insight into the serious problems that resulted in this suspension, her plan to address them, and a showing of substantial progress toward the goal of being able to undertake the affairs of others without being distracted or incapacitated by her underlying conditions."

After entry of the Maine order, on June 20, 2013, bar counsel in Massachusetts notified this court of the respondent's suspension in Maine "as a result of a substantial incapacity that adversely impacted her ability to practice law and resulted in a substantial threat of irreparable harm to the public." Bar counsel provided a certified copy of the Maine order, and petitioned for an order transferring the respondent to disability inactive status in Massachusetts, pursuant to the reciprocal provisions of S.J.C. Rule 4:01, § 13 (1). That rule provides:

"(1) Involuntary Commitment, Adjudication of Incompetence, or Transfer to Disability Inactive Status. Where a lawyer has been judicially declared incompetent or committed to a mental hospital after a judicial hearing, or where a lawyer has been placed by court order under guardianship or conservatorship, or where a lawyer has been transferred to disability inactive status in another jurisdiction, the court, upon proper proof of the fact, shall enter an order

> transferring the lawyer to disability inactive status.  A
> copy of such order shall be served, in the manner the court
> may direct, upon the lawyer, his or her guardian or
> conservator, and the director of the institution to which
> the lawyer is committed" (emphasis added).

Id.[1]  The respondent opposed the petition.  After a hearing, a

single justice of this court placed the respondent on disability

inactive status in Massachusetts for a period of one year,

effective as of August 18, 2013.  The respondent appeals.[2]

2.  Standard of review.  Neither Supreme Judicial Court

Rule 4:01 nor prior decisions of this court address the standard

of review for a single justice's order -- reciprocal or not --

transferring an attorney to disability inactive status.

Although "[d]isability proceedings are not disciplinary

---

[1] Supreme Judicial Court Rule 4:01, § 13 (1), 435 Mass. 1302 (2002), was amended in 2001 to provide for reciprocal transfer to disability inactive status based on actions taken in another jurisdiction.  Although the rule, as amended, appears in the Massachusetts Reports, id., it may not have been included in certain publications of the annotated laws of court for some period.  See Mass. Ann. Laws Court Rules, Supreme Judicial Court Rule 4:01, § 13 (1), at 656 (LexisNexis 2012).  Before the single justice, however, bar counsel quoted the amended rule, and respondent's counsel argued in part that, because the respondent was suspended in Maine but not transferred to disability inactive status, the reciprocal provisions of § 13 (1) did not apply.

[2] On May 16, 2012, bar counsel filed a notice of conviction, pursuant to S.J.C. Rule 4:01, § 12 (9), as appearing in 425 Mass. 1313 (1997), notifying the court that the respondent had been convicted in Maine of two charges of operating under the influence, and one charge of refusing to submit to arrest and detention.  Neither crime is defined as a "serious crime" for purposes of S.J.C. Rule 4:01, § 12 (3), as appearing in 425 Mass. 1313 (1997), and the matter was remanded to the board for further proceedings.  That alleged misconduct is not the subject of these proceedings.

proceedings," Matter of Disability Proceeding Against Diamondstone, 153 Wash.2d 430, 437, cert. denied, 546 U.S. 845 (2005), we recognize that they have procedural similarities. See S.J.C. Rule 4:01, § 13 (4) (a), as appearing in 425 Mass. 1315 (1997) (proceedings to determine incapacity "conducted in same manner as disciplinary hearings") and § 13 (6), as amended, 435 Mass. 1302 (2002) (with some exceptions, petitions for reinstatement following suspension or disbarment apply to reinstatement from disability inactive status). We generally will apply the same principles applicable to disciplinary cases to disability cases.

Where reciprocal proceedings are involved, the disability rules provide that "upon proper proof of the fact [that a lawyer has been transferred to disability inactive status in another jurisdiction, the court] shall enter an order transferring the lawyer to disability inactive status" in the Commonwealth. S.J.C. Rule 4:01, § 13 (1). Compare S.J.C. Rule 4:01, § 16 (5), as appearing in 425 Mass. 1319 (1997) ("A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . may be treated as establishing the misconduct for purposes of a disciplinary proceeding in the Commonwealth"). Rule 4:01, § 13 (1), treats the foreign judgment or order restricting the attorney's practice as conclusive of the underlying disability or incapacity to practice law. As we do in the reciprocal

discipline context, we will limit our review to considering whether the procedures followed in the other jurisdiction lacked reasonable notice or opportunity to be heard, and whether there was a significant infirmity of proof as to the disability. See S.J.C. Rule 4:01, § 16 (3), as appearing in 425 Mass. 1319 (1997). Finally, if we conclude that a practice restriction is appropriate in this Commonwealth, we consider independently whether applying the same restriction would "result in grave injustice," and whether the disability established elsewhere would warrant the identical restrictions here. Matter of Lebbos, 423 Mass. 753, 756, cert. denied, 520 U.S. 1275 (1997) (Lebbos II).

3. Applicability of § 13 (1). Whether in the context of attorney disability or discipline, "considerations of public welfare are wholly dominant." Matter of Keenan, 314 Mass. 544, 547 (1943). The reciprocal disability and disciplinary rules accordingly acknowledge that an "attorney is not suddenly rehabilitated when she crosses a State line," Lebbos II, supra at 755, and provide that the lawful disability and disciplinary decisions of our sister States should have reciprocal effect here. S.J.C. Rule 4:01, §§ 13 (1), 16. This reflects appropriate deference to the proceedings of other jurisdictions, and gives effect to the decisions made "without undertaking the often difficult and protracted task of redoing the inquiry which

has already been concluded there."  Lebbos II, supra at 755.
See Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 9-11
(1995) ("offensive use of collateral estoppel is appropriate in
bar disciplinary proceedings").

We recognize that the rules and procedures of other
jurisdictions may not align perfectly with ours, but if they are
"equivalent" in practical application and effect, orders and
judgments entered elsewhere serve as the basis for reciprocal
treatment here.  Matter of Lebbos, 407 Mass. 1010, 1011 (1990),
cert. denied, 498 U.S. 1040 (1991) (Lebbos I) (involuntary
transfer to inactive status in California based on alleged
misconduct equivalent to temporary suspension in Massachusetts).
See Matter of Ngobeni, 453 Mass. 233 (2009) (reciprocal
discipline permissible where lawyer permitted to resign without
admission or finding of misconduct in other jurisdiction).  See
also, e.g., Matter of Marquez, 63 A.3d 1059 (D.C. 2013)
(disability suspension in District of Columbia functional
equivalent of impairment suspension in Virginia); Matter of
Carter, 395 S.C. 128 (2011) (transfer to incapacity inactive
status in South Carolina based on disability inactive status in
Tennessee); Matter of McDonough, 6 A.3d 1283 (D.C. 2010)
(disability suspension in District of Columbia based on
disability inactive status in Connecticut).

In Maine, when an attorney is "incapacitated from continuing practice by reason of mental infirmity or addiction to drugs or intoxicants," Me. Bar R. 7.3(e)(2)(A), the rules provide for suspension or voluntary resignation, rather than transfer to "disability inactive status." Me. Bar R. 7.3(e)(1). The Maine rules do not recognize a "disability inactive" status per se. The Maine single justice accordingly suspended the respondent -- after a hearing -- because he concluded that she suffered from "a substantial incapacity that adversely affected [her] ability to practice law and resulted in a substantial threat of irreparable harm to the public." In Massachusetts, that conclusion would support "an order transferring the respondent to disability inactive status until further order of the court." S.J.C. Rule 4:01, § 13 (4) (e), as amended, 453 Mass. 1307 (2009). In the circumstances, the single justice of this court correctly concluded that the Maine suspension order was the practical equivalent of what our rules consider to be a "transfer to 'disability inactive status.'"

4. Fairness of Maine proceeding. We next turn to the question whether the respondent "received a fair hearing [in Maine] at which sufficient evidence was presented to justify our taking reciprocal . . . action." Lebbos II, supra at 756. There is nothing in the record before us to suggest that she did not. In accordance with the rules of that State, a single

justice of the Maine Supreme Judicial Court conducted a hearing at which the respondent was present and was represented by counsel, and at which she testified.  The Maine single justice's thorough memorandum of decision reflects that counsel participated in prehearing conferences and exchanged materials, and that the hearing was continued for several months at the respondent's request.  In short, the respondent has not established that she lacked notice or an opportunity to be heard.  See Matter of Mitrano, 453 Mass. 1026, 1027 (2009); Matter of Steinberg, 448 Mass. 1024, 1025 (2007).  While the procedures followed in Maine are not identical to those of Massachusetts, the differences do not establish a due process violation.

5.  Sufficiency of evidence.  Nor are we persuaded that there was any significant infirmity of proof in Maine.  The Maine single justice's decision reflects thoughtful consideration of the evidence before him, concluding that the respondent attorney "is afflicted with a substantial proclivity for substance abuse and a very serious mental health condition . . . that adversely impacted [her] ability to practice law and resulted in a substantial threat of irreparable harm to the public."  He also found that "the incapacitating symptoms of these conditions remain essentially as florid today as they were during the last two years," and concluded that

"[t]he issues of the duration and conditions of the suspension are conjoined with [her] insight into her medical conditions and the progress she has made to manage them." See Matter of Mitrano, supra at 1027. The respondent has not demonstrated that proof of incapacity was lacking. Indeed, apart from the Maine single justice's decision itself, no transcript or other record of the underlying proceeding in Maine has been provided to this court. As the single justice of this court reasoned, "[t]here is nothing in the record to suggest that this factual issue [of capacity] was not fully and fairly litigated in Maine, and no reason why the mandate in § 13 (1) providing essentially for a reciprocal transfer to 'disability inactive status' should not be triggered."

6. Appropriate reciprocal response. As we do in the context of reciprocal discipline, we consider what level of restriction on practice in Massachusetts "is warranted by the facts even if that [restriction] exceeds, equals, or falls short of the [restriction] imposed in another jurisdiction." Matter of Watt, 430 Mass. 232, 234 (1999). We are not bound by the single justice's determination, and consider de novo the single justice's order. Matter of Goldberg, 434 Mass. 1022, 1023 (2001).

Neither due process considerations nor the applicable rules require that a separate hearing on disability be conducted in

Massachusetts pursuant to S.J.C. Rule 4:01, § 13 (4), to evaluate an attorney's incapacity to practice law where it fully and fairly has been adjudicated elsewhere.[3]  S.J.C. Rule 4:01, § 13 (1).  Because the respondent has not established that the proceedings in Maine were procedurally deficient, or that there was a significant infirmity of proof, the single justice of this court properly declined to provide the respondent an opportunity to litigate her physical or mental status during the term of the Maine order.  See Lebbos II, supra at 756-757 (noting reluctance to examine claimed defects in disciplinary proceeding "where an appellate forum exists in that jurisdiction which may and did address these particular concerns").  Prior to giving reciprocal effect to the Maine order, the respondent was given adequate notice and an opportunity to be heard on bar counsel's petition for transfer to disability inactive status, and she availed herself of them.  Among other things, she replied to bar counsel's petition and supplemented her reply, and a telephonic hearing was held.

We emphasize that a transfer to disability inactive status is not a disciplinary measure.  See S.J.C. Rule 4:01, § 4, as appearing in 425 Mass. 1304 (1997).  Ordinarily, that status does not have a defined duration, and an attorney is permitted

---

[3] Supreme Judicial Court Rule 4:01, § 13 (4), as amended, 453 Mass. 1307 (2009), applies to "[p]roceedings to adjudicate contested allegations of disability" that have not been established under the provisions of § 13 (1).

to petition to transfer to active status once each year or "at such intervals as this court may direct."  S.J.C. Rule 4:01, § 13 (6) (b).  When a respondent who has been reciprocally placed on disability inactive status has been

> "returned to active status by the other jurisdiction, this court, after hearing, may dispense with referring the matter to the Board pursuant to [S.J.C. Rule 4:01, § 18 (5), as appearing in 453 Mass. 1315 (2009),] for the taking of further evidence that his or her disability has been removed and may immediately direct the lawyer's reinstatement to active status upon such terms as are deemed proper and advisable."

S.J.C. Rule 4:01, § 13 (6) (d).  Therefore, where, as here, an attorney's inactive status is founded on proceedings in another jurisdiction, if she is returned to active status in that jurisdiction, she may petition a single justice of this court to "immediately direct" her reinstatement to active status, without the necessity of petitioning for reinstatement pursuant to S.J.C. Rule 4:01, § 18.[4]  We do not consider the single justice's order to have foreclosed her from filing a petition for reinstatement at the time the suspension in Maine is lifted.

8.  Conclusion.  The respondent's suspension in Maine based on a finding of incapacity was the practical equivalent of a transfer to "disability inactive status," for purposes of the reciprocal disability provision of S.J.C. Rule 4:01, § 13 (1).

---

[4] The respondent has represented that the Maine single justice's order is or was the subject of review by the Maine Supreme Judicial Court.  The status of that review is not before us.

The single justice correctly concluded that the respondent was not entitled to a separate hearing in Massachusetts to evaluate her incapacity, and properly transferred her to disability inactive status in Massachusetts.

<u>Order affirmed</u>.