# Supreme Court of Florida

---

No. SC2024-0622

---

**THE FLORIDA BAR,**
Complainant,

vs.

**ROBERT MICHAEL FOJO,**
Respondent.

November 26, 2025

PER CURIAM.

We have for review an amended report of referee recommending that Respondent, Robert Michael Fojo, be found guilty of misconduct and suspended from the practice of law for three years.[1] We approve the referee's findings of fact and recommendations as to guilt, but because disbarment is the appropriate sanction, we disapprove the referee's recommended sanction. Fojo is instead disbarred from the practice of law and is ordered to pay The Florida Bar's costs in the amount of $1,898.24.

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

## BACKGROUND

On April 26, 2024, The Florida Bar filed a Formal Complaint for Reciprocal Discipline against Fojo. The Bar alleged that in 2022, the Supreme Court of New Hampshire suspended Fojo and then, after accepting an affidavit of resignation from him, allowed him to resign from the practice of law. The Bar alleged that under Rule Regulating The Florida Bar 3-4.6 (Discipline by Foreign or Federal Jurisdiction; Choice of Law), the New Hampshire final judgment constitutes conclusive proof of misconduct for purposes of a Florida Bar disciplinary proceeding.[2]

The referee assigned to this case made the following findings regarding the underlying events and conduct. In February 2021, a client who had retained Fojo to represent her in a personal injury matter asked Fojo for an update about her settlement check. Fojo emailed the client a response indicating that he was out of office

---

2. In addition to being a member of The Florida Bar and the New Hampshire Bar Association, Fojo was also a member of the Massachusetts Bar Association. After Fojo resigned from the practice of law in New Hampshire, a reciprocal disciplinary proceeding was initiated in Massachusetts. On October 18, 2022, the Massachusetts Supreme Judicial Court issued a judgment imposing a reciprocal sanction, striking Fojo from the roll of attorneys in that state.

and gave no update on the client's settlement check. The client, unaware that the defendant's insurer had already mailed Fojo the settlement check, reached out again, and Fojo told her: "For whatever reason, the carrier didn't issue the check or it wasn't sent out. They are going to re-issue the check." The client later contacted the defendant's insurer and discovered that the settlement check had been issued and cleared months earlier. The client then filed a grievance with the New Hampshire Attorney Discipline Office (ADO).

Fojo provided the ADO with partial records and responses to inquiries. At one point, he made a $12,000 partial payment to the aggrieved client, but when the ADO subpoenaed records from Fojo's IOLTA account, it learned that he had not held sufficient funds in trust to cover the $12,000 payment to the client. Because a new IOLTA account only had $100 of Fojo's own money in it, and because no other payments had been made to the aggrieved client, the ADO alleged that Fojo was out of trust by nearly $15,000. The ADO alleged that Fojo put other clients out of trust by using their funds to make the $12,000 partial payment to the aggrieved client.

The ADO also discovered that Fojo had paid himself more than he was entitled to under various fee agreements with clients and had used clients' funds to make payments to other clients, putting him out of trust by tens of thousands of dollars altogether. On December 17, 2021, the ADO filed a petition for immediate interim suspension. Four days later, the Supreme Court of New Hampshire suspended Fojo for violating New Hampshire Supreme Court Rule 50 (Trust Accounts) and New Hampshire Rules of Professional Conduct 1.3 (Diligence), 1.4 (Client Communications), 1.5 (Fees), 1.15 (Safekeeping Property), 3.3 (Candor Toward the Tribunal), 8.4(a) (violate or attempt to violate the Rules of Professional Conduct), and 8.4(c) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Fojo made three requests for resignation in lieu of discipline. On April 26, 2022, his third request was accepted, and the Supreme Court of New Hampshire allowed him to resign his license to practice law in that state in lieu of discipline (a sanction tantamount to disbarment).

After conducting a hearing on sanctions, the referee in this case found no due process defects in the New Hampshire disciplinary proceeding, no paucity of proof, and no grave injustice

- 4 -

that would lead this Court to elect not to be bound by the foreign judgment. The referee noted that even if there had been defects in the New Hampshire proceeding, Fojo waived any argument against such by voluntarily requesting resignation and signing an affidavit stipulating to the charged misconduct.

Ultimately, the referee recommends that Fojo be found guilty of the misconduct described in his affidavit and in the Supreme Court of New Hampshire's final order. However, the referee concluded that the Bar's requested sanction of disbarment was too severe and recommends a three-year suspension instead. The Bar now seeks review of the referee's amended report, challenging the referee's recommendation as to sanctions and arguing that Fojo should be disbarred. Fojo asks us to approve the referee's amended report.

## ANALYSIS

### Referee's Findings of Fact and Recommendations as to Guilt

Under Rule Regulating The Florida Bar 3-4.6(a),

[a] final adjudication in a disciplinary proceeding by a court or other authorized disciplinary agency of another jurisdiction, state or federal, that a lawyer licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action will be considered as

conclusive proof of the misconduct in a disciplinary proceeding under this rule.

Fojo does not seek review or cross-review of the referee's amended report, and the Bar only seeks review of the referee's recommendation as to discipline. Thus, the only issue before us is the appropriate sanction. Nevertheless, we conclude that the referee properly determined that the New Hampshire judgment constitutes conclusive proof of misconduct for purposes of this proceeding, and we approve the referee's findings of fact and recommendations as to guilt. Fojo is therefore found guilty of the misconduct described in his affidavit of resignation filed in the Supreme Court of New Hampshire and in the subsequent order allowing Fojo to resign from the practice of law in that state.

**Referee's Recommendation as to Sanctions**

When we review a referee's recommendation for attorney discipline, we look at whether the recommended sanction has "a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions" in light of the aggravating and mitigating circumstances of the case. *Fla. Bar v. Grieco*, 389 So. 3d 1257, 1264 (Fla. 2024). Notably, "[o]ur review of a referee's

recommendation as to discipline is broader than our review of a referee's findings of fact and recommendation as to guilt, for it is ultimately this Court's responsibility to determine the appropriate discipline." *Fla. Bar v. Alters*, 260 So. 3d 72, 83 (Fla. 2018); *see* art. V, § 15, Fla. Const. In a reciprocal discipline proceeding premised on an adjudication of guilt in a foreign jurisdiction, we are free to impose a more severe punishment than that imposed in the sister state. *Fla. Bar v. Hagendorf*, 921 So. 2d 611, 614 (Fla. 2006).

*1. Florida Standards for Imposing Lawyer Sanctions*

The referee found applicable four Standards for Imposing Lawyer Sanctions: Standard 4.1 (Failure to Preserve the Client's Property); Standard 4.6 (Lack of Candor); Standard 5.1 (Failure to Maintain Personal Integrity); and Standard 7.1 (Deceptive Conduct or Statements and Unreasonable or Improper Fees).

These four Standards are each made up of subdivisions that describe whether suspension or disbarment is the proper sanction. While the referee quoted each Standard generally, the amended report does not include any findings on whether the found misconduct falls under the disbarment or suspension subdivision of each Standard.

Standard 4.1(a) states: "Disbarment is appropriate when a lawyer intentionally or knowingly converts client property regardless of injury or potential injury." Standard 4.1(b) states: "Suspension is appropriate when a lawyer knows or should know that the lawyer is dealing improperly with client property and causes injury or potential injury to a client."

As the Supreme Court of New Hampshire found, the record evidence shows that Fojo's conduct was not merely a series of unintentional bookkeeping errors. Fojo claimed he was unaware that his client's settlement check was issued, blaming his assistant for what he insisted was a bookkeeping error. But as the referee in the New Hampshire proceeding stated, if Fojo's claim were true, "then there should have been $40,000 held in that account for [the client], waiting to be disbursed. There was not. Instead, beginning on the day of the deposit, Fojo proceeded to pay himself $12,000 for his work on the matter, disbursing nothing to [the client] until the ADO expressly encouraged him to do so." Thus, Fojo knew the settlement check was deposited into his account and paid himself from that check on the day it was deposited, and he then lied to his

client for months until the trust account was empty. He then made a partial payment to her using funds held in trust for other clients.

These facts fall within the scope of Standard 4.1(a), for they show that not only did Fojo intentionally misrepresent the *status* of his client's settlement check, he also intentionally misappropriated the client's funds. Thus, Standard 4.1 supports disbarment as the appropriate sanction in this case.

Standard 4.6(a) provides: "Disbarment is appropriate when a lawyer knowingly or intentionally deceives a client with the intent to benefit the lawyer or another regardless of injury or potential injury to the client." Standard 4.6(b) states: "Suspension is appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client." Fojo lied to his client about her settlement check for months to conceal his misappropriation of funds. This deceitful action benefited Fojo by allowing him to conceal the misappropriation of funds. Thus, Standard 4.6 also supports disbarment over suspension.

Standard 5.1(a) states that disbarment is proper when a lawyer engages in "intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the

lawyer's fitness to practice." As Fojo acknowledges, misappropriation of client funds is well-established as conduct that seriously adversely reflects on a lawyer's fitness. *See Fla. Bar v. Johnson,* 132 So. 3d 32, 38 (Fla. 2013) ("The Court has repeatedly stated that misuse or misappropriation of funds held in trust is one of the most serious offenses a lawyer can commit and that disbarment is the presumptively appropriate sanction."). Given Fojo's severe misconduct, Standard 5.1 supports disbarment over suspension.

Finally, Standard 7.1(a) states: "Disbarment is appropriate when a lawyer intentionally engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another and causes serious or potentially serious injury to a client, the public, or the legal system." Standard 7.1(b) states: "Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."

Fojo's misappropriation of client funds and concealment of his misconduct could only have been for his own benefit. Even taking

- 10 -

him at his word that the aggrieved client was eventually paid in full, his delay in paying her what she was owed had potential to cause her (and may in fact have caused her) serious injury, and a licensed attorney misappropriating a client's settlement funds also causes injury to the reputation of the legal system. For these reasons, Standard 7.1 also supports disbarment.

Ultimately, a review of the applicable Standards indicates that disbarment is a more appropriate sanction for Fojo's misconduct.

### 2. Consideration of Existing Caselaw

The referee considered the following caselaw when assessing the proper sanction in this case:[3]

> *Fla. Bar v. Alters*, 260 So. 3d 72 (Fla. 2018) (disbarment is the presumptively appropriate sanction, under the Standards for Imposing Lawyer Sanctions and existing case law, when a lawyer intentionally misappropriates trust funds);

> *Fla. Bar v. Rousso*, 117 So. 3d 756 (Fla. 2013) (abandonment of professional duty to safeguard client funds, excessive delays in dealing with shortfall in client trust account, and additional acts of misconduct and

---

3. The referee also considered additional cases not listed here, but those cases were cited for their pronouncements on foreign judgments being proof of guilt in reciprocal discipline proceedings and are not relevant to our consideration of the proper sanction.

dishonesty in managing such shortfall warranted
disbarment);

*Fla. Bar v. Spear*, 887 So. 2d 1242 (Fla. 2004) (mitigating
circumstances were insufficient to overcome presumptive
sanction of disbarment for attorney who converted client
funds for unauthorized use);

*Fla. Bar v. Massari*, 832 So. 2d 701 (Fla. 2002)
(disbarment, rather than a two-year suspension, was the
appropriate sanction for an attorney's misconduct in
fraudulently obtaining client settlement funds,
misappropriating those funds, and committing fraud
when attempting to conceal the misconduct);

*Fla. Bar v. Eberhart*, 631 So. 2d 1098 (Fla. 1994)
(resignation from bar in another state warrants
disbarment);

*Fla. Bar v. Tillman*, 682 So. 2d 542 (Fla. 1996)
(misappropriation of client funds and misrepresentations
to bar warrant disbarment, notwithstanding mitigating
circumstances of lack of prior disciplinary history and
short period of time in practice).

We agree with the referee that these cases are analogous and

informative.  However, they do not support the referee's

recommendation, for in each of the cases cited by the referee, the

respondent attorney was disbarred, not suspended.  In one of the

cited cases, *Eberhart*, 631 So. 2d at 1098-99, we held that

resignation in another state warrants disbarment in Florida, yet the

referee made no attempt to distinguish that case.  Accordingly, the

existing caselaw indicates that disbarment, not suspension, is the appropriate discipline for this case.

### 3. Aggravating and Mitigating Factors

A referee's findings of mitigation and aggravation "carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record." *Fla. Bar v. Scheinberg*, 129 So. 3d 315, 319 (Fla. 2013) (quoting *Fla. Bar v. Germain*, 957 So. 2d 613, 621 (Fla. 2007)). The party challenging a referee's finding of aggravation or mitigation must establish that there is a lack of evidence in the record to support the referee's findings or that the record clearly contradicts the referee's conclusions. *Fla. Bar v. Horton*, 332 So. 3d 943, 949 (Fla. 2019).

Here, the referee found the existence of the following aggravators under Standard 3.2(b): (2) dishonest or selfish motive; (3) pattern of misconduct; (4) multiple offenses; (7) refusal to acknowledge the wrongful nature of the conduct; and (9) substantial experience in the practice of law. The referee found a single mitigator under Standard 3.3(b), (1) absence of a prior disciplinary record.

- 13 -

The Bar does not challenge the found aggravation and mitigation; it simply argues that the serious aggravation and minimal mitigation found by the referee offer no reason to depart from the presumptive sanction of disbarment. To the extent Fojo would have us find additional mitigation or declare that the referee erred in finding aggravation, he waived that argument by not filing a notice to seek review or cross-review of the referee's amended report.

As we have recognized before, resignation in another state warrants disbarment as a reciprocal sanction. We agree with the Bar that the aggravating factors found in this case are significant and that the mitigation is insufficient to overcome the presumptive sanction of disbarment.

Ultimately, every factor we consider when we make an assessment on the appropriate discipline indicates that disbarment is the correct sanction for this case.

## CONCLUSION

We hereby approve the referee's findings of fact and recommendations as to guilt, but we disapprove the referee's recommended sanction. Instead, Fojo is disbarred from the practice

- 14 -

of law in Florida. The disbarment will be effective 30 days from the filing of this opinion so that Fojo can close out his practice and protect the interests of existing clients. If Fojo notifies this Court in writing that he is no longer practicing and does not need the 30 days to protect existing clients, the Court will enter an order making the disbarment effective immediately. Fojo shall fully comply with rule 3-5.1(h) and, if applicable, rule 3-6.1. Further, he shall accept no new business from the date this opinion is filed.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Robert Michael Fojo in the amount of $1,898.24, for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS DISBARMENT.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, Mark Lugo Mason, Bar Counsel, and Shaneé L. Hinson, Bar Counsel, The Florida Bar, Tallahassee, Florida,

for Complainant

Robert M. Fojo, Nashua, New Hampshire,

    for Respondent